IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11505
Summary Calendar
_____

LYN-LEA TRAVEL CORP., doing business as
FIRST CLASS INTERNATIONAL TRAVEL MANAGEMENT,

Plaintiff-Appellant,

STEPHEN GARDNER,

Appellant,

versus

AMERICAN AIRLINES, INC.,

Defendant-Appellee.

SABRE GROUP INC.,

Intervenor Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(96-CV-2068)
- - - - - - - - - -
August 16, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

This is an interlocutory appeal of an order of the district court, filed December 1, 1998 and entered on the docket of the court the following day, sanctioning appellant Stephen Gardner, Esq., counsel for plaintiff-appellant, pursuant to 28 U.S.C. § 1927, to pay appellees the sum of $2,047.50 as excess attorney's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fees resulting from counsel's wrongful conduct. Gardner complains that the court abused its discretion in (1) finding that sanctions against him were warranted under 28 U.S.C. § 1927, (2) ordering him to pay $2,047.50 in attorney's fees by December 31, 1998, and (3) purportedly making such findings and entering such order without providing notice to Gardner and an opportunity for a hearing. Opposing counsel insist that the district court's sanction order is not an appealable collateral order under the line of cases following <u>Cohen v. Beneficial Life Insurance Company</u> 337 U.S. 541 (1949). Both parties, in their supplemental briefs, rely on the recent Supreme Court case, <u>Cunningham v. Hamilton County, Ohio</u>, ___ U.S. ___, 1999 WL380803 (June 14, 1999), as support for their diametrically opposed positions on our appellate jurisdiction to hear the instant matter. We are persuaded that Defendant-Appellee American Airlines, Inc. and Intervenor Defendant Appellee Sabre Group, Inc., are correct: This garden-variety sanction order does not present an important or unsettled question; the order will not be effectively unreviewable on appeal from or following the final judgment; Gardner need not be treated as a non-party; a Section 1927 sanction is more closely analogous to a Section 37 sanction than to a prospectively-operating contempt order; and no undue hardship will result from delay. We therefore hold that we lack jurisdiction to hear Gardner's appeal of the order of the district court imposing sanctions on him, and dismiss his appeal for lack of appellate jurisdiction.

DISMISSED.